IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ANUM SADRUDDIN ALI, individually and as representative of the Estate of Sarafaz Karawadia, and as next friend of AK, a minor, KULSUMBEN KAROWADIA, SIMI ALTAF KASOWADIA, individual and as representative of the Estate of Alta Kasowadia, and as next friend of ZK, a minor, KURBANALI KAROWADIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>H.W. LOCHNER, INC. and ROBERT CAGLE,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 1:23-CV-126-MJT-CLS<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Doc. #7)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72. Pending before the court is Plaintiff's Motion for Leave to File First Amended Complaint, in which Plaintiff seeks to join non-diverse defendants and remand this suit to state court pursuant to 28 U.S.C. § 1447(e). (Doc. #7.) After review, the undersigned recommends granting the motion, joining the non-diverse defendants, and remanding this suit to state court.

**I.      Background**

The court received this case through Defendants' Notice of Removal, filed on March 29, 2023. (Doc. #1.) However, the relevant background begins over a year prior.

This suit arises from a crane collapse that occurred on April 22, 2021. On April 4, 2022, Plaintiffs filed an amended petition[1] in state court in the 136th District Court of Jefferson County [hereinafter "136th Case"], Texas, alleging negligence claims against various defendants relating to the crane collapse, including against Defendant H.W. Lochner, Inc. ("Lochner").[2] (Doc. #7-1.) Eight months later, on October 12, 2022, Lochner moved to dismiss Plaintiffs' claims against it on the ground that Plaintiffs failed to attach to the petition a certificate of merit allegedly required under section 150.002 of the Texas Civil Practice and Remedies Code. (Doc. #7 at 3.) Plaintiffs contend that a certificate of merit was not required but, nonetheless, chose to voluntarily nonsuit Lochner without prejudice on December 29, 2022 (doc. #7-2), with the intention of (1) refiling suit in state court against Lochner with a certificate of merit attached to the new petition and (2) consolidating the 136th Case with the refiled case. (Doc. #7 at 3-4.) Lochner's motion to dismiss was denied as moot on January 23, 2023. (Doc. #7-3).

On March 21, 2023, Plaintiffs filed the Original Petition to the instant suit in state court in the 172nd District Court of Jefferson County, Texas, naming Lochner and Robert Cagle as Defendants and alleging the same negligence claims relating to the crane collapse as in the 136th Case. (Doc. #2.) On March 23, 2023, Plaintiffs filed a Motion to Consolidate the two cases. (Doc. #7-4.) However, before the 172nd District Court ruled on the Motion to Consolidate, Lochner

---

[1] The parties have not provided the original petition for that suit in the briefing before the court. However, the amended petition is sufficient for the court to consider Plaintiff's pending motion, as it establishes the pertinent fact that Lochner was a named defendant in the ongoing 136th Case at least as early as April 4, 2022.

[2] To the court's knowledge, Defendant Robert Cagle is not a defendant in the 136th Case.

removed the suit to federal court on March 29, 2023, alleging that non-diverse Defendant Cagle was improperly joined in the instant suit.[3]

On April 4, 2023, Plaintiffs filed the pending Motion for Leave, seeking to add the following non-diverse defendants as additional parties to this suit: (1) Johnson Bros. Corporation, a Southland Corporation; (2) Southland Holdings, LLC; (3) Southland Contracting, Inc.; and (4) Heritage Materials, LLC [hereinafter "proposed defendants"]. (Doc. #7-5.) The proposed defendants are all named defendants in the ongoing 136th Case. (Doc. #7-1.) Plaintiffs seek to join the proposed defendants pursuant to 28 U.S.C. § 1447(e), have the instant suit remanded back to the 172nd District Court, and then move to consolidate the instant remanded suit with the 136th Case. Defendants timely responded to the Motion for Leave on April 13, 2023 (doc. #10), and Plaintiffs replied[4] on June 13, 2023 (doc. #17).

## II.     Legal Standard

Rule 15 of the Federal Rules of Civil Procedure ordinarily governs pretrial amendments to pleadings, providing that "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." FED. R. CIV. P. 15(b). When, however, the proposed amendment would join a new, nondiverse defendant after the case has been removed to federal court, 28 U.S.C. § 1447(e) governs, which provides that "[i]f after removal the plaintiff seeks to join additional

---

[3] The court does not address in this motion whether Defendant Cagle was improperly joined, as the improper joinder (or "fraudulent joinder") analysis does not apply to the relief sought by the pending motion (doc. #7), which seeks to join defendants *after* removal. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999).

[4] To be considered timely, Plaintiffs' reply was due by April 20, 2023. E.D. TEX. LOCAL R. CV-7(f). The undersigned also notes that Plaintiffs' Motion for Leave (doc. #7) does not comply with Local Rule CV-7(k), which states that "[m]options for leave to file a document should be filed separately and immediately before the document for which leave is sought," and it is not clear from the motion's certificate of conference (doc. #7 at 13) whether the parties complied with this district's meet and confer requirement under Local Rule CV-7(h). The undersigned will not consider the untimely reply.

defendants whose joinder would destroy subject matter jurisdiction," the court may *either* (1) deny joinder or (2) permit joinder and remand the action to state court. 28 U.S.C. § 1447(e); *see also Kopczynski v. Wal-Mart Stores Tex., LP*, No. H-10-4507, 2011 WL 902237, at *2 (S.D. Tex. Mar. 14, 2011) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). In determining whether to permit or deny joinder under 28 U.S.C. § 1447(e), the court must balance the defendant's interest in maintaining the federal forum with the plaintiff's competing interest of not having parallel lawsuits. *Kopczynski*, 2011 WL 902237, at *2 (citing *Hensgens*, 833 F.2d at 1182). The balance does not hinge on a "rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182. "Instead, the district court . . . should use its discretion" in deciding whether to permit joinder and remand the suit under 28 U.S.C. § 1447(e). *Id.* Courts therefore use the following factors to balance these competing interests and determine whether to permit or deny joinder under 28 U.S.C. § 1447(e): (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Kopczynski*, 2011 WL 902237, at *2 (citing *Hensgens*, 833 F.2d at 1182).

**III.   Discussion**

    A. Factor 1 – Purpose of the Amendment

In determining the purpose of the proposed amendment, courts consider (1) whether, prior to removal, the plaintiff knew or should have known of the nondiverse defendant's identity and activities, and (2) whether the plaintiff has a viable cause of action against the nondiverse defendant they seek to join. *Kopczynski*, 2011 WL 902237, at *3 (citations omitted).

Given the background of this case and its inextricable connection to the 136th Case that has been ongoing for over a year alleging the same causes of action against the same defendants, it is undisputed that Plaintiffs knew of the proposed nondiverse defendants' identities and activities prior to Defendants' removal. It is also undisputed that Plaintiffs have a viable cause of action against the proposed nondiverse defendants, which ordinarily weighs in favor of permitting joinder. In a typical case, a plaintiff's knowledge of the proposed defendant's identity and activities prior to removal would likely be countered by the finding that the plaintiff clearly has a viable cause of action against the proposed defendants, and a court could potentially conclude that the purpose of the amendment is not solely to defeat federal jurisdiction—resulting in either a neutral finding on this factor or that this factor weighs in favor of permitting joinder. However, as discussed *supra* § I, this is not a typical case. Plaintiffs *are* seeking to join the proposed defendants for the purpose of defeating federal jurisdiction, and they do not pretend otherwise. Yet, the reason Plaintiffs seek to add defendants for the purpose of defeating federal jurisdiction is due to Defendants' removal of a case to federal court that, for all practical intents and purposes under these circumstances,[5] should be tried in state court along with the other 136th Case defendants. As Plaintiffs point out, the purpose of the amendment is not *solely* to defeat federal jurisdiction; the ultimate goal of the amendment is to consolidate[6] this suit with the ongoing 136th Case in order avoid duplicative litigation and an unnecessary waste of judicial and litigant resources.

---

[5] The undersigned writes to make clear that the findings and conclusions of law discussed in this section and throughout the remainder of this report are *highly* contingent on the unique background of this case. This report should not be construed as supportive of bad-faith forum manipulation from any party, whether that be plaintiff *or* the defendant, in another case.

[6] As Plaintiffs correctly note (doc. #7 at 10), remanding this suit to state court is the only available route to consolidate this case with the 136th Case, as this court cannot consolidate a state case with a federal case. *Fidelity & Deposit Co. of Md. v. Casablanca Constr.*, No. 5:19-CV-62-DCB-MTP, 2020 WL 1238194, at *1 (S.D. Tex. Mar. 13, 2020).

The undersigned does not conclude that this first factor is neutral or favors joinder. The first factor weighs against permitting joinder given that its purpose is, indisputably, to defeat federal jurisdiction. However, the undersigned finds that it does not weigh *significantly* against permitting joinder given the circumstances.

B. Factor 2 – Dilatory

In determining whether a plaintiff has been dilatory in seeking the amendment, courts consider (1) the amount of time between the filing of the original state court action[7] and the motion for leave to amend, (2) the amount of time between the removal and the motion for leave to amend, and (3) the stage of the proceeding. *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (citations omitted).

Here, the Motion for Leave (doc. #7) was filed only fourteen days after the original state court action (doc. #2) and just six days after the removal (doc. #1). Plaintiffs clearly have not been dilatory seeking the amendment.[8] This factor thus weighs in favor of permitting joinder.

C. Factor 3 – Injury to Plaintiff

In determining whether the plaintiff will be significantly injured if the amendment is not allowed, courts consider (1) whether the already named diverse defendant would be unable to satisfy a future judgment, and (2) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff. *Agyei v. Endurance Power Prods.*, 198 F. Supp. 3d 764, 777 (S. D. Tex. 2016).

---

[7] For clarity, "original state court action" refers to the instant suit originally filed in the 172nd District Court, not the 136th Case.

[8] In fact, Plaintiffs even filed a "Motion for Expedited Consideration" (doc. #8) of the amendment on April 5, 2023, in which they request that the court issue an expedited ruling on this matter, further demonstrating that Plaintiffs have not been dilatory in seeking the amendment.

Here, neither party argues that Defendants Lochner or Cagle would be unable to satisfy a future judgment. There is, however, an obvious inefficiency caused by the ongoing 136th Case that is a separate and identical[9] state court proceeding. Allowing this case to proceed in federal court while the 136th Case—which has been ongoing for over a year—proceeds in state court would certainly place a financial burden on Plaintiffs by requiring them to litigate two separate cases, over the exact same subject matter, at the same time. Denying joinder would also present a risk of inconsistent judgments regarding issues and/or facts common to all defendants between the two cases. In contrast, permitting joinder and remanding this suit would allow Plaintiffs to consolidate the two cases (which Plaintiffs have made clear is their ultimate goal and, with reasonable certainty, would be accomplished upon remand), thereby eliminating the duplicative litigation and the judicial inefficiency, financial burden, and risk of inconsistent judgments on along with it.

This factor strongly weighs in favor of permitting joinder.

### D. Other Equitable Considerations

Permitting joinder would resolve a number of equitable considerations that have already been discussed in the context of the other three factors, including the Defendants' removal of this suit before it could be consolidated with the 136th Case and the unnecessary delay and judicial inefficiency that has already resulted from Defendants creating two parallel proceedings in federal and state court. The equitable considerations strongly weigh in favor of permitting joinder. Furthermore, Defendants have not articulated any specific reason as to why it would be *in*equitable for them to have to litigate this suit in state court (ultimately alongside its companion 136th Case defendants) beyond the basic fact that they "timely and properly" removed this suit to federal court.

---

[9] The only difference between the 136th Case action and this action is the participation of Defendants Lochner and Cagle.

(Doc. #10 at 8.) The fact that a defendant "timely and properly" removed to federal court does not present any unique equitable considerations; rather, it is an inherent prerequisite to undergoing the *Hensgens* analysis under 28 U.S.C. § 1447(e) that is present in nearly all cases where the plaintiff seeks to join non-diverse defendants post-removal.

### E. Conclusion

Considering all of the *Hensgens* factors in the context of this case—three of which favor or *strongly* favor permitting joinder—the undersigned finds that Plaintiffs' Motion for Leave (doc. #7) should be granted, Plaintiffs should be permitted to join the proposed defendants, and this case should be remanded back to state court pursuant to 28 U.S.C. § 1447(e).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiffs' Motion for Leave to File First Amended Complaint (doc. #7) be **GRANTED**. Johnson Bros. Corporation, a Southland Corporation, Southland Holdings, LLC, Southland Contracting, Inc., and Heritage Materials, LLC should be **JOINED** as defendants, and this case should be **REMANDED** back to the 172nd District Court of Jefferson County pursuant to 28 U.S.C. § 1447(e).

## V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 15th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE