IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANUM SADRUDDIN ALI, individually and as representative of the Estate of Sarafaz Karawadia, and as next friend of AK, a minor, KULSUMBEN KAROWADIA, SIMI ALTAF KASOWADIA, individual and as representative of the Estate of Alta Kasowadia, and as next friend of ZK, a minor, KURBANALI KAROWADIA,<br>*Plaintiffs*,<br><br>v.<br><br>H.W. LOCHNER, INC. and ROBERT CAGLE,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 1:23-CV-126-MJT |

**MEMORANDUM ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiffs' Motion for Leave to File First Amended Complaint [Dkt. 7][1] for consideration and disposition. On June 15, 2023, Judge Stetson entered a Report and Recommendation [Dkt. 20] in which she recommended granting Plaintiff's Motion for Leave to File First Amended Complaint, joining several non-diverse defendants, and remanding this case back to the 172nd District Court of Jefferson County pursuant to 28 U.S.C. § 1447(e). On June 29, 2023, Defendants timely objected to the Report and Recommendation. [Dkt. 24].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to

---

[1] Also referred were Plaintiffs' Motion for Expedited Consideration of Motion for Leave to File Amended Complaint [Dkt.8], Plaintiffs' Motion to Remand [Dkt. 9], and Defendants' Motion for Leave to Designate Responsible Third Parties [Dkt. 12].

which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

In the report, Judge Stetson conducted a careful and fact-specific analysis of the four *Hensgens* factors used to determine whether to permit or deny joinder of Plaintiffs' proposed non-diverse parties as defendants in this suit, particularly in light of the unusual circumstances of this suit and how it arrived in federal court. [Dkt. 20 at 4-8]. Defendants object to Judge Stetson's findings and conclusions of law on three of the four the *Hensgens* factors.

Defendants' objection to Judge Stetson's findings and conclusions of law primarily restate arguments made in their response [Dkt. 10] that were fully considered and rejected in the report. Reviewing the report *de novo*, the Court agrees with Judge Stetson's analysis as to all four *Hensgens* factors.

Defendants' inclusion of additional case citations[2] to support these repeated arguments are not persuasive, as those cases do not share sufficiently similar procedural histories to this case, nor are they binding on this court *or* contrary to Judge Stetson's analysis. These newly-cited cases include, for example, *Doucet-Speer v. State Farm Fire & Cas. Co.*, No. 20-513-SDD-RLB, 2021 WL 1396470 (M.D. La. Mar. 10, 2021), and *Reyes v. Vanmatre*, No. 4:21-CV-01926, 2021 WL

---

[2] It is unclear to the Court why Defendants did not include these cases in their original briefing if Defendants consider them so supportive as to warrant setting aside Judge Stetson's Report and Recommendation.

5905557 (S.D. Tex. Dec. 14, 2021).  In addition to failing to share an analogous procedural history to the instant suit, the courts in both of these cases also observe that the plaintiffs failed to provide any explanations as to why they are seeking to join the proposed non-diverse defendants after-the-fact in this way.  *Doucet-Speer*, 2021 WL 1396470, at *3 ("DSA also provides no explanation for its decision to file separate suits in the 19th JDC and the 15th JDC."); *Reyes*, 2021 WL 5905557, at *3 ("Tellingly, there is nothing in the record that explains what information Reyes's counsel learned before deciding to seek leave to add the proposed defendants to the case.").  Here, Plaintiffs have provided such explanations, and the Court, as did Judge Stetson, finds them compelling as to the first, third, and fourth factors.  Moreover, the court in *Reyes* additionally determined that the plaintiff had no colorable claim against the proposed defendants, unlike the proposed defendants in this suit against whom Plaintiffs obviously have a colorable claim.  *Reyes*, 2021 WL 5905557, at *4 ("In short, the proposed amended complaint fails to state a colorable claim for relief against the proposed defendants.").[3]

Furthermore, Defendants' insistence that the Court deny Plaintiffs' motion because Plaintiffs are seeking joinder for the purpose of defeating federal jurisdiction continues (as it did in their briefing) to ignore the circumstances of this suit and how it arrived in federal court.  The report correctly considered the first *Hensgens* factor within the whole context of this suit and found that it weighed against permitting joinder because Plaintiffs are indeed seeking to defeat federal jurisdiction, but the report did not give it strong weight given the circumstances.[4]  [Dkt. 20 at 4-

---

[3] Although the newly-cited cases, including *Doucet-Speer* and *Reyes*, can be further distinguished in additional ways from the instant suit, the Court finds it unnecessary to analyze each and every difference line-by-line.  The *Hensgens* factors typically apply a fact-specific analysis to the circumstances of a particular case, so it is unsurprising that the instant suit is distinguishable.

[4] Even if the report had determined that this first factor weighed more strongly against joinder, the weight of the other three factors balanced against the first factor could still indicate that joinder should be permitted.  The *Hensgens* factors are a balancing test and must be considered as a whole—the first factor is not dispositive (nor have Defendants cited caselaw to support that), and it would be erroneous to treat it as dispositive.

6]. The report then considered the other three *Hensgens* factors and correctly found they all favored or strongly favored permitting joinder. [Dkt. 20 at 6-8]. Finally, the report balanced[5] the four *Hensgens* factors together and correctly determined that joinder should be permitted and this suit should be remanded. [Dkt. 20 at 8.].

The Magistrate Judge's findings of fact and conclusions of law on the *Hensgens* factors are correct for the reasons explained in the report. Defendants' objections are without merit and are overruled.

It is therefore ORDERED that Defendants' objections [Dkt. 24] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 20] is ADOPTED.

Accordingly, it is further ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint [Dkt. 7] is GRANTED. Johnson Bros. Corporation, a Southland Corporation, Southland Holdings, LLC, Southland Contracting, Inc., and Heritage Materials, LLC are JOINED as defendants, and this case is REMANDED back to the 172nd District Court of Jefferson County pursuant to 28 U.S.C. § 1447(e).

**SIGNED this 10th day of July, 2023.**

Michael J. Truncale
United States District Judge

---

[5] Defendants' objection incorrectly states that "the Court found that *because* of Plaintiffs' ultimate goal was to consolidate the Second Case with the First Court case to avoid parallel litigation, the *Hensgens* factors weighed in favor of granting leave to amend." [Dkt. 24 at 3] (emphasis added). The report's finding on the first *Hensgens* factor regarding Plaintiffs' ultimate goal of avoiding parallel litigation, rather than purely to defeat jurisdiction with no other motive [Dkt. 20 at 5], was not the sole reason the report recommended permitting joinder. Rather, the report balanced all four *Hensgens* factors and found that, together, they indicated that joinder should be permitted. [Dkt. 20 at 8].